IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-154-D
No. 5:25-CV-501-D

| | | |
|---|---|---|
| ALEJANDRO AVILEZ-PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On April 14, 2025, Alejandro Avilez-Perez ("Avilez-Perez" or "petitioner"), proceeding

pro se, moved for a sentence reduction under the First Step Act ("First Step Act"), Pub. L. No.

115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582)

[D.E. 120] and for counsel [D.E. 120-1]. On May 20, 2025, Avilez-Perez filed a motion containing

a request for compassionate release to the warden of FCI Forrest City Low [D.E. 121]. On August

19, 2025, Avilez-Perez moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 180-

month sentence and conviction for possessing with the intent to distribute 50 grams or more of

methamphetamine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §

2 [D.E. 122]. On December 22, 2025, Avilez-Perez moved for a status update [D.E. 123]. On

April 1, 2026, the United States moved to dismiss Avilez-Perez's section 2255 motion [D.E. 130]

and filed a memorandum in support [D.E. 131], and responded in opposition to Avilez-Perez's

other motions [D.E. 132]. As explained below, the court grants the United States' motion to

dismiss, dismisses Avilez-Perez's section 2255 motion, denies Avilez-Perez's motion for a

sentence reduction, denies as moot Avilez-Perez's remaining motions, and denies a certificate of appealability.

## I.

On April 4, 2019, a grand jury charged Avilez-Perez with conspiring to distribute and possess with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846 (count one), possessing with intent to distribute 50 grams or more of methamphetamine and aiding and abetting in violation of 21 U.S.C. § 841(a)(a) and 18 U.S.C. § 2 (count two), and illegal reentry of an aggravated felon in violation of 8 U.S.C. § 1326(a) and (b)(2). See [D.E. 1]. On September 24, 2019, with a written plea agreement, Avilez-Perez pleaded guilty to count two. See [D.E. 52]; [D.E. 54]. On August 3, 2021, the court held Avilez-Perez's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 70]; [D.E. 101]; [D.E. 103] 1. The court calculated Avilez-Perez's total offense level to be 37, his criminal history category to be III, and his advisory guideline range to be 262 to 327 months' imprisonment. See PSR ¶ 47; [D.E. 103] 1. After granting the government's downward departure motion and considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Avilez-Perez to 180 months' imprisonment. See [D.E. 101]; [D.E. 102] 2. Avilez-Perez did not appeal.

On December 19, 2023, Avilez-Perez moved for a sentence reduction under Amendment 821 to the Sentencing Guidelines and for orders directing the United States to produce certain documents and medical records. See [D.E. 105, 106, 107]. On July 18, 2024, Avilez-Perez moved for compassionate release. See [D.E. 109]. On March 18, 2025, the court denied Avilez-Perez's motions. See [D.E. 119].

## II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a section 2255 motion's legal and factual sufficiency. Fed. R. Civ. P. 12(b)(6); see Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a section 2255 motion's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013); United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993); Raines v. United States, 423 F.2d 526, 529–30 (4th Cir. 1970) (per curiam). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

Avilez-Perez's section 2255 motion is untimely. Section 2255 "imposes tight procedural constraints." Fernandez v. United States, __ U.S. __, 2026 WL 1485476, at *5 (2026). Section 2255(f) contains a one-year statute of limitations. See 28 U.S.C. § 2255(f). Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

Case 5:19-cr-00154-D    Document 134    Filed 06/05/26    Page 3 of 11

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2255(f)(1)–(4); see Fernandez, 2026 WL 1485476, at *5; Johnson v. United States, 544 U.S. 295, 299–300 (2005); United States v. Green, 67 F.4th 657, 663 (4th Cir. 2023); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc). Under section 2255(f)(1), when the defendant does not file an appeal, the judgment of conviction becomes final when the time for filing an appeal expires. See Clay v. United States, 537 U.S. 522, 524–25 (2003). Under Federal Rule of Appellate Procedure 4(b)(1)(A)(i), Avilez-Perez had until 14 days after the entry of this court's judgment to file a notice of appeal. See Fed. R. App. Pro. 4(b)(1)(A)(i). On August 3, 2021, this court entered judgment. See [D.E. 102]. On August 19, 2025, Avilez-Perez filed his section 2255 motion. See [D.E. 122]. Thus, the court grants the United States' motion to dismiss and dismisses as untimely Avilez-Perez's section 2255 motion.

Alternatively, Avilez-Perez's section 2255 motion is meritless. In his section 2255 motion, Avilez-Perez argues that the court erred by applying a three-level sentencing enhancement under U.S.S.G. § 3B1.1(b) for being a manager or supervisor of criminal activity that involved five or more participants. See [D.E. 122] 1. Avilez-Perez is wrong. The court applied a two-level sentencing enhancement under U.S.S.G. § 3B1.1(c), and Avilez-Perez stipulated to the application of that enhancement in his plea agreement. See PSR ¶ 30; [D.E. 54] ¶ 5h ("An aggravating role adjustment of 2 levels is warranted under USSG 3B1.1(c)."); [D.E. 103] 1. In fact, the enhancement under section 3B1.1(c) is the two-level enhancement that Avilez-Perez argues the court should have applied when calculating his advisory guideline range. See [D.E. 122] 1.

4

Alternatively, Avilez-Perez's argument about the enhancement is barred by the collateral attack waiver in his plea agreement. In the waiver, Avilez-Perez agreed:

[t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal the conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

[D.E. 54] ¶ 2c. In light of the Rule 11 proceeding, the appellate waiver is enforceable. See [D.E. 52]; United States v. Richardson, 146 F.4th 394, 398 (4th Cir. 2025); United States v. Smith, 134 F.4th 248, 257 (4th Cir. 2025); United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012). Avilez-Perez received a sentence below the advisory guideline range. Thus, the appellate waiver also bars Avilez-Perez's section 2255 motion.

After reviewing the claims presented in Avilez-Perez's section 2255 motion, the court finds that reasonable jurists would not find the treatment of Avilez-Perez's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v.

5

Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020), abrogated on other grounds by Rutherford v. United States, __ U.S. __, 2026 WL 1485535 (2026). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. A circumstance is extraordinary when it is "most unusual, far from common, or having little or no precedent." Rutherford, 2026 WL 1485535, at *7 (citation and quotations omitted). "Compelling . . . means tending to convince or convert by or as if by forcefulness of evidence." Id. (citation and quotations omitted). Thus, "extraordinary and compelling reasons for compassionate release are those that are especially unusual and convincing." Id. (quotations omitted); see also Fernandez

v. United States, __ U.S. __, 2026 WL 1485476, at *10 (2026). "That is a demanding standard." Fernandez, 2026 WL 1485476, at *7. Moreover, although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024), abrogated on other grounds by Rutherford, 2026 WL 1485535; McCoy, 981 F.3d at 286 n.9.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b), invalidated in part by Rutherford, 2026 WL 1485535, at *10. A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. Id. § 1B1.13(e).

Avilez-Perez asks the court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) and argues that he is the only available caregiver to his elderly mother and his family circumstances support reducing his sentence, that the court committed a sentencing error by applying a leadership enhancement at sentencing, and that his "disparate" sentence "forms a basis to reduce his sentence." [D.E. 120] 4. Avilez-Perez also cites his rehabilitation. See id. at 6.

As for the "family circumstances" policy statement, section 1B1.13(b)(3)(C) lists in relevant part the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" as an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13(b)(3)(C). In his motion, Avilez-Perez states that his mother suffers from various ailments which require medical treatment. See [D.E. 120] 2–3; [D.E. 123] 1–2.

Avilez-Perez fails to show that his mother is "incapacitated" under the policy statement. U.S.S.G. § 1B1.13(b)(3)(C)–(D); see United States v. Rosario-Cruzado, No. 24-6365, 2025 WL 1540932, at *2–3 (4th Cir. May 30, 2025) (unpublished); United States v. Blevins, No. 1:15CR3, 2026 WL 497306, at *1–2 (W.D. Va. Feb. 23, 2026) (unpublished); United States v. Clack, No. 5:20-CR-543, 2024 WL 4954305, at *3 (E.D.N.C. Dec. 3, 2024) (unpublished); United States v. Roueche, No. CR07-344RSL, 2024 WL 4665568, at *4 (W.D. Wash. Nov. 4, 2024) (unpublished); Delavan v. United States, No. 4:18-CR-23, 2024 WL 2958956, at *4 (E.D. Va. June 12, 2024) (unpublished); United States v. Harris, No. 5:15-CR-111, 2021 WL 6052284, at *3 (E.D.N.C. Dec. 20, 2021) (unpublished), appeal dismissed, No. 22-6001, 2022 WL 18228332 (4th Cir. Apr. 13, 2022) (unpublished); United States v. Locklear, No. 7:17-CR-60, 2021 WL 5098691, at *4 (E.D.N.C. Nov. 2, 2021) (unpublished); United States v. White, No. CR 16-40, 2021 WL 1721016, at *4 (E.D. La. Apr. 30, 2021) (unpublished); United States v. Greene, No. 1:17-CR-12, 2020 WL

4475892, at *5 (D. Me. Aug. 4, 2020) (unpublished). Thus, reducing Avilez-Perez's sentence would not comport with U.S.S.G. § 1B1.13(b)(3)(C).

The "unusually long sentence" policy statement instructs that if a defendant received an unusually long sentence and has served a term of at least 10 years' imprisonment, a change in the law may be considered as an extraordinary and compelling reason only "after full consideration of the defendant's individualized circumstances." U.S.S.G. § 1B1.13(b)(6), invalidated in part by Rutherford, 2026 WL 1485535, at *10. A sentence is unusually long with reference to the "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." Id. Avilez-Perez does not meet section 1B1.13(b)(6)'s requirements because he has not served a term of at least 10 years' imprisonment. Moreover, Avilez-Perez's sentencing error argument is a collateral attack on his sentence and is not cognizable in a compassionate release motion. See Fernandez, 2026 WL 1485476, at *5–10. Alternatively, Avilez-Perez has not identified any change in the law, and as explained above, the court properly applied the enhancement under U.S.S.G. § 3B1.1(c).

As for the other reasons policy statement, Avilez-Perez fails to cite "especially unusual and convincing" reasons that support reducing his sentence. Rutherford, 2026 WL 1485535, at *7. Moreover, Avilez-Perez's supposed rehabilitation cannot be an extraordinary and compelling reason for compassionate release. As for his post-sentencing conduct, Avilez-Perez fails to provide any documentation of his performance while in federal custody. See See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); Davis, 99 F.4th at 659; McCoy, 981 F.3d at 286 n.9.

Alternatively, even if Avilez-Perez sufficiently alleged extraordinary and compelling reasons under section 3582(c)(1)(A), the section 3553(a) factors counsel against granting Avilez-Perez's motion for a sentence reduction. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997

F.3d at 186; Kibble, 992 F.3d at 331–32.  Avilez-Perez is 49 years old and trafficked a large quantity of crystal methamphetamine.  On August 2, 2018, investigators monitored Avilez-Perez as he traveled by bus from Dallas, Texas, to Raleigh, North Carolina.  See PSR ¶ 9.  Investigators planned to use a confidential source to purchase crystal methamphetamine from Avilez-Perez.  See id.  Avilez-Perez's codefendant drove a car registered to Avilez-Perez to meet the confidential source, while Avilez-Perez met the confidential source at the Raleigh bus station.  See id.  Investigators "almost simultaneously" arrested Avilez-Perez and his codefendant.  Id.  From Avilez-Perez's car, investigators recovered 9.65 kilograms of crystal methamphetamine.  See id.  The codefendant also informed authorities that she had previously transported 2 kilograms of cocaine on Avilez-Perez's behalf.  See id. ¶ 10.

Avilez-Perez's latest federal conviction was nothing new.  Avilez-Perez has an extensive criminal history including prior federal felony convictions for possessing with the intent to distribute cocaine and illegal reentry of a deported alien and a state felony conviction for possessing cocaine.  See id. ¶¶ 16–18.  Avilez-Perez learned nothing from his prior federal sentences.

Avilez-Perez has made some positive efforts while federally incarcerated.  Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011).  Avilez-Perez states that he "has been participating in programs offered under the First Step Act and [is] doing all he can to learn better ways to help his family legally."  [D.E. 120] 6.  Avilez-Perez also has incurred "one minor incident report" while in custody.  See id.

The court must balance Avilez-Perez's mixed record in federal custody with his serious criminal conduct, his horrible criminal history, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others.  Cf. Concepcion v. United

States, 597 U.S. 481, 496–502 (2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the section 3553(a) factors, Avilez-Perez's arguments, the United States's persuasive response, the need to punish Avilez-Perez, to incapacitate him, to promote respect for the law, to deter others, and to protect society, the court denies Avilez-Perez's motion for a sentence reduction. See, e.g., Concepcion, 597 U.S. at 496–502; Chavez-Meza, 585 U.S. 109, 115–20 (2018); High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

IV.

In sum, the court DENIES petitioner's motion for a sentence reduction [D.E. 120], DENIES AS MOOT petitioner's request that the warden request a reduced sentence [D.E. 121], GRANTS respondent's motion to dismiss [D.E. 130], DISMISSES petitioner's motion to vacate [D.E. 122], DENIES AS MOOT petitioner's motion for status update [D.E. 123] and for counsel [D.E. 120-1], and DENIES a certificate of appealability.

SO ORDERED. This _5_ day of June, 2026.

JAMES C. DEVER III
United States District Judge